# EXHIBIT C

EXHIBIT C

Case 8:14-cv-00657-MSS-AEP Document 11-6 Filed 05/30/14 Page 2 of 10 PageID 125
Case 1:14-cv-00263-RDB Document 10-1 Filed 03/28/14 Page 15 of 270
Case 1:12-cv-01117-WTL-MJD Document 151-3 Filed 01/09/14 Page 1 of 9 PageID #: 1025

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Case No. 1:12-cv-01117-WTL-DML |
| | ) |
| v. | ) |
| | ) |
| R. STEPHEN HINDS, TROY LAMB, | ) |
| MICHAEL HARRIS, ROBERT JOHNSON, | ) |
| MICHAEL HARRISON, JAMES DUNCAN, | ) |
| HOWARD MCDONALD, and JOHN DOE 10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL HARRISON'S
## FIRST SET OF INTERROGATORIES

Plaintiff, MALIBU MEDIA, LLC, responds to Defendant Michael Harrison's First Set of Interrogatories served October 25, 2013, as follows:

## STATEMENT OF WILLINGNESS TO COOPERATE

Counsel for Plaintiff is prepared to discuss with counsel for Defendant the objections set forth below for the purpose of resolving any disputes that may arise over the responses to the interrogatories without the need for intervention by the Court.

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## FIRST SET OF INTERROGATORIES

1. Please identify the individual answering these interrogatories on behalf of Malibu Media, LLC, an any an all individuals or entities contributing or supplying the answering individual with information prior to or in order to prepare these answers to interrogatories.

**Response to Interrogatory No. 1:** Colette Field is the only person who answered these interrogatories. Ms. Field is a Co-Owner of Plaintiff.

Exhibit C - 1

Case 8:14-cv-00657-MSS-AEP Document 11-6 Filed 05/30/14 Page 3 of 10 PageID 126
Case 1:14-cv-00263-RDB Document 10-1 Filed 03/28/14 Page 16 of 270
Case 1:12-cv-01117-WTL-MJD Document 151-3 Filed 01/09/14 Page 2 of 9 PageID #: 1026

2. Please identify any and all parent, sister, subsidiary, affiliated, or otherwise related entities of Malibu Media, LLC, X-Art, X-Art affiliates and X-Art affiliated programs and the identify any person who possesses or has a personal knowledge of the location of any and all copies of articles of incorporation, operating agreements, shareholder agreements, employment contracts, buy-sell agreements, and the like for these entities.

**Response to Interrogatory No. 2:** Plaintiff is owned entirely by Brigham Field and Colette Field, who possess and have personal knowledge of the location of any and all copies of articles of incorporation, operating agreements, shareholder agreements, employment contracts, buy-sell agreements, and the like for this entity. Plaintiff operates a website, the domain for which is X-Art.com. Plaintiff is the operating entity for this business, although the domain name is owned by a trademark holding company named Click Here, LLC. Like Plaintiff, Click Here, LLC is also owned entirely by Brigham Field and Colette Field.

3. Please state if you, your agent(s), or any individual or entity hired, retained, employed, compensated or otherwise acting for you, or on behalf of any agent of yours or agent of theirs, has ever, prior to or during the course of any civil proceedings to which you have been or are a party, utilized in any capacity and for any purpose whatsoever:

    a. Lexis Nexis, Westlaw, or other similar service offering comprehensive person search and reporting services which compile and/or store information relating to a person or any member of a person's family's: profession; work history; marital status and/or marital history; household and/or family members; criminal history; education; credit rating; past and/or present income level; civil litigation history; history and/or expectancy of windfalls (meaning any type of past occurrence of or anticipated financial gains as a result of gifts, inheritances, civil judgments, sales, transfers, beneficiary status, or events of record); ownership interests (financial, nonfinancial, managerial, stock, voting, or otherwise, and any and all rights attendant thereto) in any sort of business entity; and/or ownership interests in real, personal, or intellectual property;

Exhibit C - 2

Case 8:14-cv-00657-MSS-AEP   Document 11-6   Filed 05/30/14   Page 4 of 10 PageID 127
Case 1:14-cv-00263-RDB   Document 10-1   Filed 03/28/14   Page 17 of 270
Case 1:12-cv-01117-WTL-MJD   Document 151-3   Filed 01/09/14   Page 3 of 9 PageID #: 1027

  b. Any website which makes the dissemination of information provided by private individuals accessible as determined by the privacy settings of private individuals (including but not limited to social media and/or professional networking websites); and/or,

  c. Any entity, person, place, or thing to gather information or inquire into an individual's social, political, and/or religious beliefs and/or activities (including but not limited to, and for the purpose of example only, an individual's participation, membership, and/or affiliation with a church or other religious organization, participation on a board of directors for a profit, nonprofit, or charitable organization, and/or participation, membership, or position in a local, state, or national political group or party).

For the purpose of making civil litigation decisions, and identify any and all individuals or entities (including you), who possess personal knowledge, documents, or electronically stored information reflecting the use of (a) – (c), above. And please state whether prior to or in preparing your answer to this interrogatory you specifically asked your employees, agents, consultants, investigators, or attorneys to provide you with the above information.

**Response to Interrogatory No. 3:** Plaintiff objects on the basis that this interrogatory seeks information protected by the privilege against discovery of attorney work product. To explain, this interrogatory seeks information about Plaintiff's attorneys' process for culling and collecting evidence against Defendant. Further, merely describing the process used by Plaintiff's attorneys would unnecessarily reveal Plaintiff's attorneys' work product because it would enable Defendant to reproduce a set of documents that Plaintiff's counsel has determined may be relevant to this matter. The thought processes which went into deciding which documents may be relevant are work product and privileged. Without waiving the foregoing objections, no such documents exist.

Exhibit C - 3

Case 8:14-cv-00657-MSS-AEP   Document 11-6   Filed 05/30/14   Page 5 of 10 PageID 128
Case 1:14-cv-00263-RDB   Document 10-1   Filed 03/28/14   Page 18 of 270
Case 1:12-cv-01117-WTL-MJD   Document 151-3   Filed 01/09/14   Page 4 of 9 PageID #: 1028

4. Please give the following details with respect to IPP International Limited ("IPP Int. Ltd."), but not confining or limiting your answer to:

    a. When and how you first became aware of IPP Int. Ltd. And their performance of computer forensic investigation services ("services" or "their services");
    b. The date you initially contacted IPP Int. Ltd. to inquire or arrange to contact for their services; and
    c. Identify any and all individuals from and/or on behalf of IPP int. Ltd, who:
        i. Spoke to, communicated with, or ever provided information to you at any time regarding their services or any information or data gather or collected as a result of their performing computer forensic services for you;
        ii. Presented to you, negotiated with you, or finalized on behalf of IPP Int. Ltd., the terms and conditions of any offer, acceptance, contract, or modification of or amendment thereto, between you and IPP Int. Ltd. For the sale of goods or services and other arrangement for the exchange of information or equipment owned or possessed by IPP Int. Ltd.;
        iii. You knew, know, suspected or suspect to be an owner of or have an ownership interest in IPP Int. Ltd.; and,
        iv. You knew, know, suspected or suspect to be an employee or agent of IPP Int. Ltd.

**Response to Interrogatory No. 4:** Plaintiff first became aware of IPP International UG approximately 2.5 years ago through its attorneys, specifically, through communication with M. Keith Lipscomb. Plaintiff's attorneys negotiated the terms of Plaintiff's agreement with IPP International UG. Plaintiff does not know who owns IPP International UG.

5. Please state the terms and conditions of any and all offers and agreements (whether in the nature or form of a contract, bill of sale, purchase order, and the life, etc.) between you and (1) IPP Int. Ltd. and (2) IPP International U.G., and for each agreement please include the following details and information in addition, and specifically pertaining to said terms and conditions:

    a. The date of the agreement;

    b. Whether the agreement was oral or written;

Exhibit C - 4

Case 8:14-cv-00657-MSS-AEP Document 11-6 Filed 05/30/14 Page 6 of 10 PageID 129
Case 1:14-cv-00263-RDB Document 10-1 Filed 03/28/14 Page 19 of 270
Case 1:12-cv-01117-WTL-MJD Document 151-3 Filed 01/09/14 Page 5 of 9 PageID #: 1029

  c. Whether the agreement was ever modified or amended;

  d. Whether the modification or amendment was oral or written;

  e. The date the agreement was modified or amended; and

  f. The terms and conditions of any and all modification of, or amendments to, agreements.

**Response to Interrogatory No. 5:** Plaintiff and IPP International have an oral agreement that was formed approximately 2.5 years ago. This agreement has not ever been modified or amended. The terms of this agreement are confidential and constitute a trade secret.

6. Please identify the individual you contacted, or who informed you that the correct name of the company you have always known as "IPP, Limited" was/is actually IPP International Limited, and give the details with respect to the communication by which you obtained the aforesaid information, including but not limiting your answer to the following;

  a. The date you first learned IPP Int. Ltd. was no longer performing computer forensic investigation services as a company in the United Kingdom;

  b. The date IPP Int. Ltd. began conducting its affairs and business activities in Germany as IPP International U.G. (IPP Int. UG) and that IPP Int. UG had registered with the German commercial register.

**Response to Interrogatory No. 6:** Plaintiff objects on the basis that this interrogatory seeks information that is neither relevant nor likely to lead to the discovery of admissible information. Indeed, none of the information requested in this interrogatory is related or relevant to any issue in this case. Further, Plaintiff objects on the basis that this interrogatory is intended to harass Plaintiff.

Exhibit C - 5

Case 8:14-cv-00657-MSS-AEP   Document 11-6   Filed 05/30/14   Page 7 of 10 PageID 130
Case 1:14-cv-00263-RDB   Document 10-1   Filed 03/28/14   Page 20 of 270
Case 1:12-cv-01117-WTL-MJD   Document 151-3   Filed 01/09/14   Page 6 of 9 PageID #: 1030

7.     Please give a detailed description and explanation of X-art and its relationship to you legally and financially, insuring that your response includes but is not limited to the following information:

    a. Identification of any and all individuals or entities having an ownership interest or other rights in:

        i. Z-Art, X-Art affiliates and X-Art affiliate programs (e.g. X-Cash);

        ii. The X-Art.com domain name and website and X-Art.com affiliate and affiliate program domain names and websites;

        iii. Common law trademark rights or states and federal trademark registrations for or related to X-Art the X-art domain name, and X-Art affiliates or X-Art affiliate programs and the domain names of X-Art affiliates or X-Art affiliate programs;

        iv. Any copyrighted works, content or material or copyright registrations for any work, content or material contributed or otherwise made available on any X-Art, X-Art affiliate or X-Art affiliated program website; and

    b. Identification of any and all individuals or entities who have ever been employed, hired, retained, or compensated to create, develop, or maintain the security of any X-Art, X-Art affiliate or X-Art affiliated program website, or any website which you own, or that hosts or distributes you copyrighted works and which requires the website's users to pay for you

Exhibit C - 6

Case 8:14-cv-00657-MSS-AEP Document 11-6 Filed 05/30/14 Page 8 of 10 PageID 131
Case 1:14-cv-00263-RDB Document 10-1 Filed 03/28/14 Page 21 of 270
Case 1:12-cv-01117-WTL-MJD Document 151-3 Filed 01/09/14 Page 7 of 9 PageID #: 1031

copyrighted works or pay for a subscription to view you copyrighted works.

**Response to Interrogatory No. 7:** Plaintiff is owned entirely by Brigham Field and Colette Field. Plaintiff operates a website, the domain for which is X-Art.com. The copyrighted works at issue in this case are published on X-Art.com along with other copyrighted works owned by Plaintiff. Plaintiff is the operating entity for this business, although the domain name is owned by a trademark holding company named Click Here, LLC. Like Plaintiff, Click Here, LLC is also owned entirely by Brigham Field and Colette Field. Plaintiff will provide the name of its security professionals pursuant to a stipulated protective order.

8. Please identify each and every individual or entity to whom you have granted licenses, permissions, or otherwise allowed to use any content and/or material owned by you, or that has ever existed under the brand of or as an X-Art titles, X-Art affiliate, or X-Art affiliate program title (i.e., as an X-Art, X-Art affiliate, or X-Art affiliate program movie).

**Response to Interrogatory No. 8:** Plaintiff objects on the basis that this interrogatory seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. When X-Art first began, the company uploaded a small number of its full length movies onto a few tubesites. X-Art placed visual watermarks on these videos that linked users directly to X-Art.com. The purpose of doing so was to get X-Art rapid attention and to increase traffic to its subscription website. Shortly thereafter, Plaintiff noticed that unauthorized third parties were also posting X-Art's full length videos onto the tubesites. At that time, Plaintiff began having its agents send DMCA notices to remove all unauthorized content from the tubesites and subsequently stopped uploading full length movies on such sites. Since then,

Exhibit C - 7

Case 8:14-cv-00657-MSS-AEP Document 11-6 Filed 05/30/14 Page 9 of 10 PageID 132
Case 1:14-cv-00263-RDB Document 10-1 Filed 03/28/14 Page 22 of 270
Case 1:12-cv-01117-WTL-MJD Document 151-3 Filed 01/09/14 Page 8 of 9 PageID #: 1032

16. Please give the details of your knowledge and understanding of media access control ("MAC") address, and whether and how it was used by IPP Int. Ltd. or IPP Int. UG's computer forensic software or related technology to identify Harrison's IP address as the infringer in each instance of infringement of your copyrighted works. And please state whether prior to or in preparing your answer to this interrogatory you specifically asked you officers, employees, agents, consultants, investigators, or attorneys to provide you with the above information.

**Response to Interrogatory No. 16:** Plaintiff does not have sufficient information in its possession, custody or control to answer this interrogatory. IPP International UG tracked the infringement.

17. Please give the details of any and all webmaster affiliated programs of X-Art or X-Cash, how the affiliated programs work (i.e. give the specific details of how such programs function or operate), and how many persons have subscribed or otherwise signed up for any and all webmaster affiliate programs.

**Response to Interrogatory No. 17:** Plaintiff objects on the basis that interrogatory seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Indeed, such information has nothing to do with this case or copyright enforcement.

## DECLARATION

PURSUANT TO 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 3rd day of December, 2013

Exhibit C - 8

Case 8:14-cv-00657-MSS-AEP   Document 11-6   Filed 05/30/14   Page 10 of 10 PageID 133
Case 1:14-cv-00263-RDB   Document 10-1   Filed 03/28/14   Page 23 of 270
Case 1:12-cv-01117-WTL-MJD   Document 151-3   Filed 01/09/14   Page 9 of 9 PageID #: 1033

**COLETTE PELISSIER FIELD**

By: *[signature]*

Exhibit C - 9