# **EXHIBIT J**

EXHIBIT J

Case Number: 16 O 55/11 announced on : 05/03/2011 Baate, Superior Judicial Secretary

# Landgericht Berlin
# Im Namen des Volkes

## Judgment

Case Number: 16 O 55/11  announced on : 05/03/2011 Baate, Superior Judicial Secretary

In the legal dispute

1. of Guardaley Ltd.,
   represented by its Managing Director, Ben Perino,
   Rubensstraße 33, 76149 Karlsruhe,

2. of Mr. Patrick Achache
   employed at Rubenstraße 33, 76149 Karlsruhe

                                                                    Petitioners,

- Attorneys:
  Schulenberg & Schenk, Attorneys at Law
  Alsterchaussee 25, 20149 Hamburg,

versus

1. Baumgarten Brandt GBR, Internationales
   Handelszentrum,
   Friedrichstrafle 95, 10117 Berlin,

2. Andre Nourbakhsch, Attorney at Law
   (employed at: Internationales Handelszentrum),
   Friedrichstralle 95, 10117 Berlin,

                                                                    Respondents,

- Attorneys:
  BaumgartenBrandt Attorneys at Law,
  Friedrichstrafle 95, 10117 Berlin,

Civil Chamber 16 of the State Court of Berlin, in Berlin Central, Littenstraße 12-17, 10179 Berlin, has, on the basis of the oral hearing on 5/3/2011, by Presiding State Court Judge, Dr. Scholz, State Court Judge, Dr. Danckwert, and Judge, Dr. Elfing,

2

Case Number: 16 O 55/11                          announced on : 05/03/2011 Baate, Superior Judicial Secretary

**adjudicated:**

1. The preliminary injunction of February 10, 2011 is confirmed with respect to the heading under 1. a). In all other respects the preliminary injunction is set aside and the motion for the issuance thereof denied.

2. Of the court costs, the Petitioner No.1 shall bear 4/5 and Respondents No.1 and No.2 each 1/10. Of the non-court costs of Petitioner No.1, Respondents No.1 and No.2 shall each bear 1/10. Of the non-court costs of Petitioner No.2, Respondents No.1 and No.2 shall each bear 1/2. Of the non-court costs of Respondents No.1 and No.2, Petitioner shall each bear 3/4. Except for the foregoing, there shall be no reimbursement of costs.

3. The judgment is provisionally enforceable. The Petitioner shall be permitted to prevent execution by means of provision of security in the sum of the executable amount, to the extent that the Respondents do not, prior to execution, provide security in the sum of any amount to be levied upon.

**Facts**

Petitioner No.1 is an IT firm specializing in the investigation of, and protection against, infringements of intellectual property on the Internet and makes available, for such purpose, data identification and prosecution measures. It collects and documents IP connection data on the owners of Internet connections wrongfully offering for download the works of its clients. Petitioner No.2 is an employee of Petitioner No.1.

Respondent No.1 asserts, in the context of its legal services, cease and desist and damages claims against connection owners who make films publicly available in infringement of copyright and submits affidavits of Respondent No.2 in which the latter states which owners of

3

Case 8:14-cv-00657-MSS-AEP   Document 11-13   Filed 05/30/14   Page 5 of 14 PageID 201
Case 1:14-cv-00263-RDB   Document 10-1   Filed 03/28/14   Page 91 of 270

Case Number: 16 0 55/11                                    announced on : 05/03/2011Baate, Superior Judicial Secretary

Internet connections have offered specific films for download on the Internet.

Respondent No.2 works as an attorney for Respondent No.1.

Commencing in 2009, there was a contractual relationship between Petitioner No.1 and Respondent No.1. On 1/21/2011, Respondent No.1 terminated the contract without a period of notice. On 1/25/2011 Petitioner No.1 also asserted its termination of the contract, without a period of notice.

Foresight Unlimited, located in the USA and represented by Mr. Damon, is among the clients both of Petitioner No.1 and of Respondent No.1.

Following a telephone conversation between Respondent No.2 and Mr. Damon, a telephone conversation took place on 1/15/2011 between Ms. Mudge, an American contract partner of Petitioner No.1 and Respondent No.1. Ms. Mudge is also a member of the Board of Directors of the Independent Film and Television Alliance, an association of independent film companies in the USA, to which, inter al., Foresight Unlimited belongs.

A class action law suit of some 4,300 persons against Petitioner No.1, is pending at the District Court of Massachusetts in the USA under the file number 1:10-cv-12043-GAO and was served upon the latter in April 2011.

The Petitioners claim that the Respondents contacted the contract partners of Petitioner No.1 and attempted to move them, to end their contractual relationship with Petitioner No.1, whereby they relied, it is claimed, on untrue facts and confidential internal contract information.

Respondent No.2, it is claimed, stated in the telephone conversation with Ms. Mudge that Petitioner No.1 uses investigative software that Petitioner No.2 stole from Logistep AG, the

Case Number: 16 O 55/11                            announced on : 05/03/2011Baate, Superior Judicial Secretary

Swiss firm he previously worked for. In fact, it is claimed, Petitioner No.1 uses "Observer", a software program developed by its Managing Director, Mr. Ben Perino.

In addition, it is claimed, Respondent No.2 stated in the telephone conversation that the investigation results achieved by Petitioner No.1 are not reliable. This, it is claimed, is also incorrect.

In addition, it is claimed, Respondent No.2 offered to Ms. Mudge to conduct the services of Petitioner No.1 in the future via another firm for her and also approached the copyright holders, i.e., the clients of Ms. Mudge, directly, with the same statements. Respondent No.1. recently, it is claimed, repeatedly offered to other clients, inter al., Los Banditos Film GmbH, to replace Petitioner No.1 with another firm, to wit, Tree Garden Burning GmnH. The shareholders thereof are the name partners of Respondent No.1.

Petitioners are of the view that Respondent No.2 mentioned the class action complaint in connection with an attempt to lure away customers. This, it is claimed, violates § 4 No. 7 Unfair Competition Law.

Petitioners obtained the preliminary injunction of 2/10/2011, in which the Respondents are enjoined, under penalty of a fine of up to 250,000.00 EUR to be set by the Court for each violation, or, in the alternative, administrative incarceration, or administrative incarceration of up to six months, the foregoing to be enforced, with respect to Respondent No.1, on one of its managing partners, from:

— with respect to Petitioner No.1 and 2, making and/or causing to be made, submitting and/or causing to be submitted, the claim that Mr. Patrick Achache stole from a Swiss firm, where he previously worked, the software used by Guardaley,

5

Case Number: 16 0 55/11                                    announced on : 05/03/2011Baate, Superior Judicial Secretary

— with respect to Petitioner No.1, making and/or causing to be made, submitting and/or causing to be submitted, the claim that Guardaley Ltd. Provides unreliable investigative services and that a class action complaint by 4,300 persons is pending against it in the United States of America, as well as, during an existing contractual relationship with Petitioner No.1, contacting its clients without its knowledge and consent and offering to work with the same without the assistance of Petitioner No.1,

If such occurs as reported in the Affidavit of Ms. Mudge of 1/16/2011 (p. 42 of the file). Otherwise, regarding the motion to enjoin the Respondents from communicating to third parties information that constitutes confidential contract information, the motion for issuance of a preliminary injunction was denied.

The objection of the Respondent of 3/15/2011 is against this preliminary injunction that, addressed to each of Respondent No.1 and Respondent No.2, was served by a marshal on 2/11/2011 by deposit in a mail box belonging to the office of Respondent No.1.

The Petitioners move to sustain the preliminary injunction of the State Court of Berlin of 2/10/2011 (File No. 16 O 55/11), denying the objection of the Respondent.

The Respondents move to abrogate the preliminary injunction of the State Court of Berlin of 2/10/2011 (File No. 16 O 55/11), and deny the motion for issuance of a preliminary injunction. Respondent No.1 is of the view that Respondent No.2 is no longer a party to the proceeding, since, it is claimed, the preliminary injunction of 2/10/2011 was not executed against him, by reason of failure of service. Service at the address of his professional activity—Respondent No.2 is, it is claimed, an employee of Respondent No.1 and does not carry out his own business activities, and he is, without limiting the generality thereof, not a partner or managing director of

6

Case 8:14-cv-00657-MSS-AEP   Document 11-13   Filed 05/30/14   Page 8 of 14 PageID 204
Case 1:14-cv-00263-RDB   Document 10-1   Filed 03/28/14   Page 94 of 270

Case Number: 16 O 55/11                          announced on : 05/03/2011Baate, Superior Judicial Secretary

Respondent No.1—is not, it is claimed, substitute service pursuant to § 178 (1) No. 2 Code of Civil Procedure, § 180 sent. 1 Code of Civil Procedure. Respondent No.1 is also not, it is claimed, the procedural representative of Respondent No.2.

The Respondents claim that Ms. Mudge is not a client, but rather an employee of Petitioner No.1. The telephone conversation between Respondent No.2 and Ms. Mudge took place at her wish. The information related in the telephone conversation concerned exclusively the client relationship between Respondent No.1 and Foresight Unlimited. In her Affidavit, Ms. Mudge, it is claimed, reported the contents of the telephone conversation with Respondent No.2 incompletely and incorrectly.

As to the statements forming the subject of the dispute, the Respondents claim as follows:

Respondent No.2, it is claimed, expressly stated to Ms. Mudge that he, as a result of the overall impression resulting from various circumstances, especially the circumstance that Petitioner No. 2 did not communicate that he had been working for Logistep AG until 2/21/2009 and at the same time working for Petitioner No.1 since January 2007, could not safely assume that Petitioner No.2 had not had access to Logistep AG's copyrighted know-how. In this respect, it is claimed, he repeatedly emphasized that he only had reason for doubts that initially had to be clarified and dispelled.

In addition, it is claimed, Respondent No.2 indicated to Ms. Mudge that Respondent No 1 had learned that the IP connection data determined by Petitioner No.1 were not 100% correct. IP data, it is claimed, was being collected for connection owners who were not effecting "uploads" themselves. Respondent No.1, it is claimed, had learned this in January 2011 from ipoque GmbH, a firm offering services in the area of bandwidth and Internet management and which

7

Case 8:14-cv-00657-MSS-AEP   Document 11-13   Filed 05/30/14   Page 9 of 14 PageID 205
Case 1:14-cv-00263-RDB   Document 10-1   Filed 03/28/14   Page 95 of 270

Case Number: 16 0 55/11                                    announced on : 05/03/2011Baate, Superior Judicial Secretary

had wrongfully received a cease and desist letter from Respondent No.1 on the basis of a notification by Petitioner No.1, which is answered by the Petitioners with the claim of lack of knowledge.

Finally, it is claimed, Respondent No.2 did not offer to Ms. Mudge to have investigations conducted for her clients by another firm. He, it is claimed, merely responded to Ms. Mudge's question as to whether there were other providers than Petitioner No.1, that the assumption of such investigation activities by another provider was at least technically possible without problem.

Respondents are of the view that no competitive relationship exists between them and Petitioners, since Petitioners offer Internet investigative services, while the Respondents, however, exclusively legal advice and representation. In the statements made to Ms. Mudge, it is claimed, neither facts within the meaning of § 4 No. 8 Unfair Competition Law were asserted, nor were competitors interfered with pursuant to § 4 No. 10 Unfair Competition Law. The statements are to be attributed to [sic] Petitioner No.1, since Ms. Mudge is its employee, and as a result, they were not statements made to third parties. In addition, it is claimed, the statements as to unreliable investigative services and class action complaint were true facts.

With respect to the other assertions by the parties, reference is made to the pleadings exchanged between the parties, including the exhibits thereto.

**Grounds of the Decision**

With respect the heading as to 1. a), the preliminary injunction is to be confirmed, because it was issued in accordance with law (§§ 925, 936 Code Of Civil Procedure). Otherwise, it is to be abrogated and the motion for the issuance thereof is to be denied.

Case Number: 16 O 55/11                announced on : 05/03/2011Baate, Superior Judicial Secretary

Petitioner No.1 has, with respect to the statement set forth in the heading of the preliminary injunction under 1a), a claim for injunctive relief against the Respondents pursuant to §§ 8 (1), 3 (1), 4 No. 8 Unfair Competition Law.

Such claim also extends to Respondent No.2. He is still a party to the proceeding. Contrary to the pleading of the Respondents, depositing the order of the chamber of 2/10/2011 into the mail box of the Respondent No.1 on 2/11/2011 constitutes effective substitute service upon the Respondent No. 2 in his place of business within the meaning of § 178 (1) No.2 Code of Civil Procedure.

A place of business is any place in which there is public traffic (Zöller, [Commentary to the] Code of Civil Procedure, 27th ed., 2009, § 178 note 15). Effective substitute service requires that that the place of business be that from which the recipient of service pursues his business; for the persons employed there, such a place may be a place of business for purposes of substitute service, if such person is active in a place established for public traffic or at least gives the impression that he maintains such place as a place of business (Zöller, supra., § 178 Code of Civil Procedure notes 16 and 17).

Since Respondent No.2 appears on the letterhead of Respondent No.1 as an attorney working there, he gives the outward impression that he is operating a place of business there. There is thus the expectation that the order addressed to Respondent No.2 as a recipient of service will be reliably transmitted to Respondent No.2.

Petitioners are competitors of Respondents within the meaning of §§ 8 (3) No. 1; 2 (1) No. 3 Unfair Competition Law.

9

Case 8:14-cv-00657-MSS-AEP   Document 11-13   Filed 05/30/14   Page 11 of 14 PageID 207
Case 1:14-cv-00263-RDB   Document 10-1   Filed 03/28/14   Page 97 of 270
Case Number: 16 O 55/11                    announced on : 05/03/2011Baate, Superior Judicial Secretary

Even though the Respondents state that they only offer legal advice and representation, they provide, however, as do the Petitioners, services in the area of the prosecution of copyright infringements. This satisfies, against the background of the required economic method of analysis, the existence of a concrete competitive relationship Respondent No.2 "alleged," within the meaning of 4 No.8 Unfair Competition Law, the statement in question, in that he made it to Ms. Mudge. Irrespective of whether Ms. Mudge is, as stated by Respondents, an employee of Petitioner No.1, she is a third party, to whom the impermissible claims of fact must be made pursuant to § 4 No. 8 Unfair Competition Law. Because, in the interests of effective protection, the concept of third party is to be interpreted extensively, with the result that even employees or workers of the affected business can be included therein (Köhler/Bornkamm, [Commentary on the] Unfair Competition Law, 28th ed., 2010, § 4 Unfair Competition Law note 8.18). Since Ms. Mudge, according to the statements of the Respondents, is also a representative of Foresight Unlimited, she is to be viewed as a "third party".

The statement evident in the partial motion at 1 and from the heading of the preliminary injunction at a) is unfair pursuant to § 4 No. 8 Unfair Competition Law. It is capable of harming the operations of Petitioner No.1 or of endangering its credit.

Petitioners stated and made a credible showing that Respondent No.2 made the statement to Ms. Mudge. The chamber is convinced, on the basis of Ms. Mudge's Affidavit of 1/16/2011 and the certified translation thereof from the English language, that Respondent No.2 stated to Ms. Mudge that Petitioner No.2 had stolen Logistep AG's software.

The Respondents have not cast doubt upon this credible showing. Without limiting the generality of the foregoing, they did not make credible their assertion that Respondent No.2 only stated that, on the basis of the overall impression of the circumstances, it could not be

10

Case 8:14-cv-00657-MSS-AEP   Document 11-13   Filed 05/30/14   Page 12 of 14 PageID 208
Case 1:14-cv-00263-RDB   Document 10-1   Filed 03/28/14   Page 98 of 270

Case Number: 16 O 55/11                          announced on : 05/03/2011Baate, Superior Judicial Secretary

excluded that Petitioner No.2 had, in the development of software, had recourse to the third-party knowledge of Logistep AG. Rather, they only made a credible showing of the statements about the circumstances that supposedly gave rise to the misgivings of Respondent No.2. That, however, is insufficient to refute the assumption that Respondent No.2 used the term "stole."

The statement, which Respondent No.1 must, pursuant to § 831 Civil Code, permit to be attributed to it, also violates, for the foregoing reasons, 823 (2) Civil Code, read together with §§ 186, 187 Criminal Code, since Respondent No.2 publicized an untrue fact capable of causing Petitioner No.2 to be regarded with contempt or to demean him in public opinion.

Urgency is presumed pursuant to § 12(2) Unfair Competition Law.

The danger of repetition, which is a requirement for the claim for injunctive relief, is to be presumed, as a result of the legal violation, and could only have been dispelled by the making a criminally enforceable cease and desist declaration, which was not made.

Petitioners, however, do not have a claim against the Respondents for injunctive relief under §§ 8(1), 3 (1), 4 No.8 Unfair Competition Law by reason of the statements set forth in the heading of the preliminary injunction under 1.b) aa) and bb).

Respondents have stated and made a credible showing that the statement of Respondent No. 2, claimed and made credible in the Affidavit of Ms. Mudge, that Petitioner No.1 provides unreliable investigative services, is true. Pursuant thereto, Respondent No.1 learned from ipoque GmbH that Petitioner No.1 collected IP data on connection owners who were not themselves making films available to the public, and were thus not effecting "uploads." This can be concluded from the presentation of 1/13/2011 by ipoque that was submitted as Exhibit AG 17. It can be concluded that the film in question, "Antichrist", was running under the ipoque IP

11

Case 8:14-cv-00657-MSS-AEP   Document 11-13   Filed 05/30/14   Page 13 of 14 PageID 209
Case 1:14-cv-00263-RDB   Document 10-1   Filed 03/28/14   Page 99 of 270

Case Number: 16 0 55/11                                     announced on : 05/03/2011 Baate, Superior Judicial Secretary

==address in the context of a test screening, that ipoque GmbH did not offer the film as an upload. In spite of this, the software of Petitioner No.1, by which only uploads in infringement of copyright were to be collected, collected ipoque GmbH's IP data. As a result, Petitioner No.1 sent—wrongfully—a cease and desist letter, submitted as Exhibit AG 18. These credibly demonstrated facts permit the assumption that the statement in dispute is true.==

In addition, the statement of Respondent No.2, alleged and made credible, that a class action complaint of 4,300 persons is pending in the USA, is true. It follows from Exhibits AG 19 and 29 submitted by Respondents that such a complaint is pending before the United States District Court of Massachusetts.

The statement is not unfair by reason of the fact that, in the view of Petitioners, it was made in connection with an attempt to lure away clients. For the following reasons, an unfair luring away of clients did not take place.

Finally, the Petitioners do not have a claim for injunctive relief with respect to the statement set forth under 1. b) cc) of the preliminary injunction. This is not unfair within the meaning of § 4 No.10 Unfair Competition Law.

The statement of Respondent No.2 does not constitute an unfair luring away of customers of Petitioner No.1, but rather a permissible solicitation of clients.

Petitioners did not make a credible showing that Respondents obtained information that they would not have obtained absent the business relationship with Petitioner No.1. At least, according to the statements of Petitioners and of Ms. Mudge in the Affidavit, Foresight Unlimited, the subject of the statement, is a client of Respondent No.1, with the result that Respondent No.2 was contacting a client.

Case Number: 16 O 55/11 announced on : 05/03/2011 Baate, Superior Judicial Secretary

It is also not evident that Respondents approached Los Banditos Film GmbH in an unfair manner. At least, Petitioners have not presented or made a credible showing of circumstances demonstrating such unfairness.

The decision as to costs results from § 92 (1) sent. 1 Code of Civil Procedure, the decision on preliminary enforceability is on the basis of §§ 708 No. 6, 711 Code of Civil Procedure.

Issued



Dr. Elfring

Dr. Danckwerts