UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

        Plaintiff,

v.                                        Case No:  8:14-cv-657-T-35AEP

JOHN DOE subscriber assigned IP
address 72.64.140.132,

        Defendant.
_____/

## **REPORT AND RECOMMENDATION**

This matter comes before the Court upon Defendant John Doe's Omnibus Motion to Dismiss Action with Motion to Quash Non-Party Subpoenas or Enter Protective Order (Doc. 11) and Plaintiff's response in opposition thereto (Doc. 15).  For the reasons that follow, it is recommended that Defendant's motion be denied.[1]

### **I.**    **Background**

Plaintiff filed this action against Defendant alleging direct copyright infringement against Defendant for unlawfully reproducing, distributing, and transmitting motion pictures for which Plaintiff holds the copyright on the peer-to-peer file sharing network BitTorrent[2] (Doc. 1).[3]  Through an investigation conducted by IPP International UG, a German corporation,

---

[1] The district judge referred this matter for issuance of a report and recommendation (Doc. 19).  *See* 28 U.S.C. § 636; M.D. Fla. R. 6.01.

[2] For a more thorough discussion of the BitTorrent program, see *Patrick Collins, Inc. v. John Does 1-28*, No. 12-13670, 2013 WL 359759, at *1-3 (E.D. Mich. Jan. 29, 2013) (providing a thorough description of how the BitTorrent program operates).

[3] Plaintiff filed numerous such actions in this and other courts across the United States. *See, e.g.*, *Malibu Media, LLC v. Doe*, Civil No. 14-1322 (CKK) (D.D.C. filed Aug. 4, 2014); (continued…)

and its employee Tobias Fieser, Plaintiff identified Defendant by his or her Internet Protocol ("IP") address (Doc. 1 at 2, 4; Doc. 5, Ex. C). To determine Defendant's true identity through the IP address, Plaintiff filed a motion seeking leave to file a third-party subpoena, directed to Defendant's internet service provider ("ISP"), prior to a Federal Rule of Civil Procedure 26(f) conference (Doc. 5), which the Court granted (Doc. 7). Shortly thereafter, Defendant filed the current motion seeking to dismiss Plaintiff's complaint and to quash the subpoena served upon Defendant's ISP or, alternatively, requesting the Court issue a protective order regarding the information sought from Defendant's ISP (Doc. 11).

**II.  Discussion**

**A. Motion to Dismiss**

Initially, Defendant contends that dismissal is warranted because (1) an IP address, standing alone, is insufficient to identify an infringing individual, and (2) the information upon which Plaintiff relied to obtain Defendant's IP address was obtained illegally and would, therefore, be inadmissible (Doc. 11). In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations in the light most favorable to the non-moving party and accept as true all of the factual allegations asserted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (*per curiam*). To state a claim, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The pleading must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Indeed, although a

---

(…continued)
*Malibu Media v. Doe*, No. 2:14-cv-154-FtM-29CM (M.D. Fla. filed Mar. 18, 2014); *Malibu Media, LLC v. Roldan*, No. 8:13-cv-3007-T-30TBM (M.D. Fla. filed Nov. 27, 2013).

pleading challenged by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must provide the grounds for the entitlement to relief. *Id.* at 555. A "formulaic recitation of the elements of a cause of action" will not suffice. *Id.*

As to Defendant's first contention, Plaintiff alleged sufficient facts to establish a *prima facie* case that Defendant infringed upon Plaintiff's copyrighted works. Here, Plaintiff's complaint asserts that its investigator connected to a computer identifiable by Defendant's IP address (Doc. 1). By providing the IP address associated with the individual conducting the infringing activity, Plaintiff set forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Plaintiff is not required to show that Defendant "probably" committed the alleged misconduct. *Id.* Rather, Plaintiff must only show "more than a sheer possibility that [Defendant] has acted unlawfully"—*i.e.*, Plaintiff must show "plausibility." *See id.* This Court, and the overwhelming majority of courts faced with this question, have found a defendant's IP address sufficient for purposes of stating a claim that can survive a Rule 12(b)(6) motion to dismiss. *See, e.g.*, *Malibu Media, LLC v. Benitez*, No. 8:13-cv-3209-T-27AEP, Doc. 26 (M.D. Fla. Aug. 7, 2014); *Roldan*, 2014 WL 3805494, at *2 (citing *Malibu Media, LLC v. John Does 1-11*, No. 12 Civ. 3180(ER), 2013 WL 3732839, at *3-4 (S.D.N.Y. July 16, 2013) & *Malibu Media, LLC v. Pelizzo*, No. 12-22768-CIV, 2012 WL 6680387, at *3-*4 (S.D. Fla. Dec. 21, 2012)); *Malibu Media, LLC v. Doe*, No. 8:14-cv-659-T-33EAJ, Doc. 16 (M.D. Fla. July 29, 2014), *report and recommendation adopted at* Doc. 19 (M.D. Fla. Aug. 27, 2014); *see Malibu Media, LLC v. Doe*, No. 13-12178, 2013 WL 3945978, at *3-*4 (E.D. Mich. July 31, 2013). By providing the IP address associated with the infringing

activity, Plaintiff alleged a sufficient connection between Defendant and the infringing activity, and dismissal is not warranted on this ground.

With respect to Defendant's contention that the complaint should be dismissed because Plaintiff's factual allegations are based upon evidence obtained unlawfully, the Court finds Defendant's argument premature at this stage of the litigation. Under Rule 12(b)(6), a Court must accept Plaintiff's factual allegations as true. *See Erickson*, 551 U.S. at 94 (citations omitted); *Hill*, 321 F.3d at 1335. Accordingly, to the extent Defendant seeks to assert factual disputes as grounds for dismissal, such disputes do not constitute valid bases for dismissal at this time. *See Roldan*, 2014 WL 3805494, at *2 (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)).

### B. Motion to Quash Non-Party Subpoena

For the same reasons cited above, Defendant contends that the subpoena served upon his or her ISP should be quashed (Doc. 11). Pursuant to Federal Rule of Civil Procedure 45, a Court may quash a subpoena if it (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(d); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements articulated under Rule 45(d)(3). *See Indep. Mktg. Group., Inc. v. Keen*, No. 3:11-cv-447-J-25MCR, 2012 WL 512948, at *2 (M.D. Fla. Feb. 16, 2012); *see also Malibu Media, LLC v. Doe*, No. 13 C 8484, 2014 WL 1228383, at *1 (N.D. Ill. Mar. 24, 2014) (citations omitted).

Here, Defendant cited no valid basis under Rule 45(d)(3) to quash the subpoena served upon his or her ISP. Furthermore, because Defendant is not the recipient of the subpoena, he

or she would only have standing to challenge the subpoena if a "personal right or privilege" was at issue. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citations omitted). In this instance, the Court granted Plaintiff leave to serve Defendant's ISP with a subpoena to obtain the name, address, telephone number, and e-mail address of Defendant (Doc. 7, at 2). Regardless of Defendant's allegations, "an individual has no protected privacy interest in [his or her] name, address, phone, number, e-mail address, or other Media Access Control address when there is an allegation of copyright infringement." *Malibu Media, LLC v. Doe*, No. 8:14-cv-659-T-33EAJ, Doc. 16, at 6 (M.D. Fla. July 29, 2014) (quotation and citation omitted), *report and recommendation adopted at* Doc. 19 (M.D. Fla. Aug. 27, 2014). Given the foregoing, Defendant failed to provide an adequate basis to quash the subpoena.

### C. Motion for Protective Order

Finally, in the event the Court does not dismiss this action or quash the subpoena, Defendant urges the Court to issue a protective order to protect Defendant from "annoyance, embarrassment, oppression, and undue burden" (Doc. 11, at 24). Federal Rule of Civil Procedure 26(c) authorizes a court, for good cause, to issue an order limiting the extent of discovery in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The burden rests upon the party seeking a protective order to show good cause. *Grams v. Am. Med. Instruments Holdings Long Term Disability Plan*, No. 3:08-cv-1060-J-12MCR, 2009 WL 2926844, at *5 (M.D. Fla. Sept. 14, 2009). "This burden contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id*. (internal quotation and citation omitted).

Defendant alleges that a protective order precluding Defendant's ISP from providing identifying information to Plaintiff is necessary, "given the shameful nature of the pornography at issue, … to protect Defendant from … annoyance, embarrassment, oppression, and undue burden" (Doc. 11, at 24). Defendant's argument lacks merit, however, because (1) the scope of Defendant's requested protective order is too broad and would prevent Plaintiff from obtaining any information regarding Plaintiff's identity, and (2) "[t]he nature of the allegations [against a defendant] alone do not merit a protective order." *Patrick Collins, Inc. v. John Does 1-54*, No. CV-11-1602-PHX-GMS, 2012 WL 911432 (D. Ariz. Mar. 19, 2012). As such, a protective order is not warranted in this case.

### III. Conclusion

Accordingly, for the foregoing reasons, it is hereby

RECOMMENDED:

1. Defendant's Omnibus Motion to Dismiss Action with Motion to Quash Non-Party Subpoena or Enter Protective Order (Doc. 11) be DENIED.

IT IS SO REPORTED in Tampa, Florida, this 15th day of September, 2014.

ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); M.D. Fla. 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc*).

cc:     Hon. Mary S. Scriven
        Counsel of Record